IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHIYING ZOU, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. |
| | § | |
| FIRST COMMUNITY INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant First Community Insurance Company ("FCIC"), in a cause styled *Shiying Zou v First Community Insurance Company*, originally pending as Cause No. 236-334741-22 in the 236th Judicial District Court of Tarrant County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Northern District of Texas, Fort Worth Division, while fully reserving all rights and defenses, and as grounds therefore respectfully shows the Court as follows:

### NATURE OF THE PENDING STATE CASE

1. On July 18, 2022, Plaintiff Shiying Zou filed a civil action styled *Shiying Zou v First Community Insurance Company*, under Cause No. 236-334741-22 in the 236th Judicial District Court of Tarrant County, Texas.

2. This case involves an insurance dispute wherein Plaintiff alleges in her Original Petition that the subject property located at 8870 Ice House Drive, North Richland Hills, Texas 76180, insured under insurance Policy No. 42 0016023198 4 01, issued by FCIC, was vandalized

and burglarized on or about January 15, 2022.[1] Plaintiff has sued FCIC alleging causes of action for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

3.   FCIC has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81.1.[2]

## JURISDICTION

4.   Pursuant to 28 U.S.C. § 1441(a), FCIC removes this action to the District Court of the United States for the Northern District of Texas, Fort Worth Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**A.   Diversity of the Parties**

5.   Plaintiff is an individual who is a citizen of Texas and who resides in Tarrant County, Texas.[3] Defendant FCIC is a foreign corporation organized in Florida with its principal place of business in St. Petersburg, Florida. Accordingly, FCIC is a citizen of Florida. Therefore, the parties are citizens of different states and are completely diverse.

**B.   Amount in Controversy**

6.   As demonstrated herein, it is apparent from Plaintiff's pleading and by a preponderance of the summary-judgment-type evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

---

[1] Exhibit A, at p. 10
[2] Plaintiff's Original Petition, attached hereto as Exhibit A, Proof of Service, attached hereto as Exhibit B, Defendant's Original Answer, attached hereto as Exhibit C, An Index of Matters Being Filed, attached hereto as Exhibit D, Copy of State Court Docket Sheet, attached hereto as Exhibit E, List of All Counsel of Record, attached hereto as Exhibit F, Civil Cover Sheet and Supplemental Cover Sheet, attached hereto as Exhibit G, and Plaintiff's itemized list of damages, attached hereto as Exhibit H.
[3] Exhibit A, at pp. 2, 6 and 8.

### a) The Fifth Circuit Standard

7. Subject to several exceptions, the sum demanded in good faith in a plaintiff's complaint is generally deemed to be the amount in controversy.[4] However, "when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."[5] Here, the preponderance of the evidence shows that the amount in controversy exceeds $75,000, and, therefore, that this Court has jurisdiction and removal is proper.

8. Exhibit H attached to this Notice of Removal contains Plaintiff's itemized list of damages that she submitted to Defendant prior to filing this lawsuit. The list shows that Plaintiff is claiming at least $195,089.85 in damages for her theft loss.[6] As a result, because the foregoing summary judgment-type evidence demonstrates by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00 exclusive of interests and costs, and because there is diversity of citizenship between Defendant and Plaintiff, removal is proper under 28 U.S.C. § 1332(a).

## TIMING OF REMOVAL

9. FCIC was served with this lawsuit on July 26, 2022 by Plaintiff serving FCIC's Registered Agent, Corporation Service Company (CSC).[7] Therefore, this Notice of Removal is being filed within 30 days of service of the petition pursuant to 28 U.S.C. § 1446(b) and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c). This Notice is therefore timely filed.

---

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)); 28 U.S.C. § 1446(c)(2).
[5] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[6] Exhibit H.
[7] *See* Exhibit B.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

10. As the removing party, FCIC will give Plaintiff prompt written notice of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

11. FCIC will also file a copy of this Notice of Removal with the 236th Judicial District Court of Tarrant County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

## ANSWER

12. FCIC filed a responsive pleading in the state court action and will timely file an Amended Answer to Plaintiff's lawsuit in this Court.

## JURY DEMAND

13. FCIC hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION AND PRAYER

14. In light of the foregoing, Defendant FIRST COMMUNITY INSURANCE COMPANY respectfully removes this civil action, styled *Shiying Zou v First Community Insurance Company*, under 236-334741-22 in the 236th Judicial District Court of Tarrant County, Texas.

15. FCIC prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

*/s/ William D. Abbott*
Les Pickett
"Attorney-in-Charge"
State Bar No. 15980520

        lpickett@gallowaylawfirm.com
        William D. Abbott
        State Bar No. 24087069
        wabbott@gallowaylawfirm.com
        1301 McKinney, Suite 1400
        Houston, Texas 77010
        (713) 599-0700 – Telephone
        (713) 599-0777 – Facsimile
        **ATTORNEYS FOR DEFENDANT**
        **FIRST COMMUNITY INSURANCE**
        **COMPANY**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 12, 2022, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

        */s/ William D. Abbott*
        Les Pickett
        William D. Abbott